UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Isadore Stewart and Paulette Stewart,<br><br>Plaintiffs,<br><br>v.<br><br>TCF National Bank, William Cooper,<br>Rosey Dickey, Monica Lash,<br>and Brad Erickson,<br><br>Defendants. | Civil No. 12-2835 (RHK/AJB)<br><br>REPORT AND RECOMMENDATION ON<br>MOTION TO DISMISS |

## INTRODUCTION

This matter is before the Court, Chief Magistrate Judge Arthur J. Boylan, on a Motion to Dismiss by Defendants TCF Bank, William Cooper, Rosey Dickey, and Monica Lash (collectively, the "TCF Defendants"). (Docket No. 9.) The matter has been referred to the magistrate judge for report and recommendation to the district court under 28 U.S.C. § 636 and Local Rule 72.2(b). A hearing was held on the motion on January 16, 2013 at the U.S. Courthouse, 300 South Fourth Street, Minneapolis, Minnesota. Michael W. Haag appeared on behalf of the TCF Defendants. Plaintiffs appeared pro se.

For the reasons discussed below, the Court recommends that the TCF Defendants' Motion to Dismiss be granted and that this action be dismissed.

## BACKGROUND

This is the second lawsuit Plaintiffs have filed in this court against the same defendants related to the foreclosure of Plaintiffs' home. The factual background of Plaintiffs' execution of a mortgage and promissory note, as well as a description of Plaintiffs' first lawsuit on the issue, can be found in this Court's November 6, 2012 Report and Recommendation recommending that

defendants' motions to dismiss the first lawsuit be granted. (*Stewart v. TCF National Bank*, Civ. No. 12-1873 (RHK/AJB) at Docket No. 36.) Plaintiffs' first lawsuit against the defendants was dismissed and judgment entered on December 3, 2012. (*Stewart v. TCF National Bank*, Civ. No. 12-1873 (RHK/AJB) at Docket Nos. 38-39.)

Separately, Plaintiffs also removed to this court the eviction action filed by TCF in Hennepin County. (*TCF National Bank v. Stewart*, Civil No. 12-2572 (RHK/AJB) at Docket No. 1.) That matter remains pending and TCF has scheduled a motion to remand the matter back to state court. (*TCF National Bank v. Stewart*, Civil No. 12-2572 (RHK/AJB) at Docket No. 21.)

Plaintiffs filed the present lawsuit on November 8, 2012. (Docket No. 1.) Plaintiffs' Complaint contains a variety of allegations aimed at challenging the validity of their mortgage loan and the foreclosure on their home. Plaintiffs assert that defendants "refused to loan presenter legal tender," defendants "misrepresented to the presenter the elements of the alleged agreement," "there is no bona fide signature on the alleged promissory note," and the "copy of the promissory note. . .is a forgery." (Compl. ¶¶ 10-13.) Plaintiffs allege that defendants "at no time loaned presenter legal tender" and "changed the cost and the risk of the loan." (*Id.* at ¶¶ 17-18.) Plaintiffs allege defendants "operated without presenter's knowledge, permission, authorization, or agreement" and "refused to disclose material facts of the alleged agreement." (*Id.* at ¶¶ 19-20.) Plaintiffs contend that defendants "participated in or have knowledge of deceptive practices." (*Id.* at ¶ 23.) Plaintiffs assert that Defendant Brad Erickson "performed an unlawful Sheriff Sale on Feb. 2012." (*Id.* at ¶ 24.) For their cause of action, Plaintiffs assert that defendants "created a contract, which was void, in that the lending officer did not have the power under the Bank Charter to loan, the presenter credit; the contract was ultra viris," that defendants are "in violation of the usury laws in that the defendant did charge interest on credit and not

money," and that defendants defrauded them. (*Id.* at pp. 4-5.) Plaintiffs request that the Court set aside the Sherriff's Sale. (*Id.* at p. 5.)

On December 3, 2012, the TCF Defendants filed the present Motion to Dismiss. (Docket No. 9.) On December 5, 2012, Defendant Brad Erickson filed a letter stating that the Sheriff's Office will defer to the court on the question of the propriety of the sheriff certificate and will not be serving any pleadings on behalf of the Sheriff unless requested by the Court or any of the parties. (Docket No. 15.) Plaintiffs filed an opposition to the TCF Defendants' motion in which they argue that "Defendants didn't fulfill the Contract," "TCF Bank has failed to perform or give me equal value," and "TCF Bank changed the currency." (Docket No. 23.)

## **DISCUSSION**

### **I.    Standard of Review**

Federal Rule of Civil Procedure 12(b)(6) provides that a complaint must be dismissed if it fails to state a claim upon which relief can be granted. To survive a Rule 12(b)(6) motion to dismiss, Plaintiffs must include enough facts to "nudge[ ] their claims across the line from conceivable to plausible." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). To withstand dismissal, the complaint must contain "more than an unadorned, the-defendant-unlawfully-harmed-me accusation[s]." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. When reviewing a complaint on a motion to dismiss, the Court must accept all factual allegations as true and construe the facts in the light most favorable to the nonmoving party. *Carton v. Gen. Motors Acceptance Corp.*, 611 F.3d 451, 454 (8th Cir. 2010).

Pro se litigants are entitled to a liberal construction of their pleadings. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam). However, the rules do not require a court "to either guess the nature of or create a litigant's claim." *Milliman v. County of Stearns*, No. 11-3636, 2012 WL 4470284, at *6 (D. Minn. May 30, 2012) (internal quotation omitted); *see also Stone v. Harry,* 364 F.3d 912, 915 (8th Cir. 2004) (explaining that when reading a *pro se* complaint, "the district court should construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework," but does not "assume facts that are not alleged").

## II.   Analysis

Plaintiffs' first lawsuit attacking the validity of their mortgage loan and the foreclosure on their home was dismissed for failure to state a claim upon which relief can be granted. Plaintiffs argue that this lawsuit is different from their first lawsuit and advances new theories of liability against the defendants. Plaintiffs' Complaint does mention a laundry list of claims not referenced in their complaint in the first lawsuit, such as misrepresentation (Compl. ¶ 11), "no bona fide signature on the alleged promissory note" (*Id.* at ¶ 12), forgery (*Id.* at ¶ 13), failure to "loan[] legal tender" (*Id.* at ¶ 17), "chang[ing] the cost and the risk of the alleged loan (*Id.* at ¶ 18), failure to "disclose material facts" (*Id.* at ¶ 20), "deceptive practices" (*Id.* at ¶ 23), a "void contract" (*Id.* at p. 4), and "violation of the usury laws" (*Id.*). However, the Complaint still fails for the same fundamental reason that Plaintiffs' complaint in the first lawsuit failed: Plaintiffs have failed to plead sufficient factual allegations to state a claim for relief that is plausible on its face. *Twombly*, 550 U.S. at 570.

Plaintiffs' Complaint contains numerous conclusory allegations, but is devoid of any facts to support any of the causes of action mentioned or any recognized cause of action. Like Plaintiffs' first lawsuit, the Complaint fails to even mention defendants William Cooper and

4

Monica Lash. Plaintiffs' allegations do not meet the pleading requirements set forth in *Iqbal* and *Twombly*. The Complaint contains no factual allegations from which the Court could conclude that Plaintiffs have stated any plausible claim. For this reason, the Complaint against the TCF Defendants should be dismissed.

The Court sua sponte recommends that this action be dismissed as against Brad Erickson in addition to the TCF Defendants. The only allegation against Erickson, a member of the Hennepin County Sheriff's Office, is that he performed "an unlawful Sheriff Sale." (Compl. ¶ 24.) This allegation is insufficient to state a claim for relief that is plausible on its face. *Twombly*, 550 U.S. at 570. Plaintiffs' claims against Erickson fail for the same reasons identified in the Court's Report and Recommendation recommending dismissal of Plaintiffs' first lawsuit. *See* Report and Recommendation dated Nov. 6, 2012 at p. 8, Docket No. 36, *Stewart v. TCF National Bank*, Civ. No. 12-1873 (RHK/AJB).

## **RECOMMENDATION**

Based upon the record, memoranda, and oral arguments of counsel, **IT IS HEREBY RECOMMENDED** that:

1. The TCF Defendants' Motion to Dismiss (Docket No. 9) be **GRANTED**; and

2. Plaintiffs' Complaint be dismissed.

Dated: March 1, 2013                s/ Arthur J. Boylan
                                    Chief Magistrate Judge Arthur J. Boylan
                                    United States District Court

Pursuant to Local Rule 72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court, and by serving upon all parties, written objections which specifically identify the portions of the Report to which objections are made and the bases for

each objection. This Report and Recommendation does not constitute an order or judgment from the District Court and it is therefore not directly appealable to the Circuit Court of Appeals. Written objections must be filed with the Court before <u>  March 15  </u>, 2013.